■ ROBERT M. REHBOCK, Doing Business as TAURUS REALTY Co., Respondent, v ROBERT LEVINE, Appellant. — Order, Supreme Court, New York County (Louis I. Kaplan, J.), entered January 27, 1984, pursuant to which a judgment was entered April 16, 1984, which order granted, in part, plaintiff's motion for summary judgment on his first and second causes of action and summary judgment as to liability only on the fifth cause of action subject to an assessment for attorney's fees, unanimously modified, on the law, to deny summary judgment as to the second cause of action, and otherwise affirmed, without costs.

In this action to recover rent and other charges, not paid pursuant to a written apartment lease, Special Term properly found defendant liable for rent under the first cause of action, and for attorney's fees pursuant to the fifth cause of action.

However, summary judgment was improperly granted as to the second cause of action to recover "late charge penalties assessed and noticed to the tenant." The landlord documents his claim for late charges by a handwritten list purporting to show when the rent for each month was received during the years 1977, 1978, 1979, 1980, 1981 and 1982, and assessing late charges on that basis. When or by whom the list was prepared, and upon what basis, does not appear. The late charges were apparently computed on the basis of 3% per month during the five-year term of the lease. Paragraph 38 of the lease provides for a "three percent (3%) monthly service charge in the event that the monthly rent payment is received after the tenth of any month." Tenant denies he ever delayed payment for 10 days. There is no evidence that a demand was ever made during the five-year period that late charges or service charges be paid. Nor is there any evidence of any billing for such charges.

There is a triable issue as to the liability for such charges and how they were computed. Concur — Murphy, P. J., Kupferman, Ross and Fein, JJ.