(June 1, 2000)

■ SANDRA'S JEWEL BOX INC., Appellant, v 401 HOTEL, L.P., et al., Respondents. [708 NYS2d 113] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 22, 1999, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint and defendant landlord 401 Hotel, L.P.'s motion for summary judgment upon its counterclaims for rent, additional rent, late charges and attorneys' fees, and denied plaintiff's cross motion for summary judgment dismissing defendant landlord's counterclaims, unanimously modified, on the law, to deny defendant landlord's motion for summary judgment on its counterclaims to the extent that such counterclaims seek late charges and rent for the remainder of the lease term after June 10, 1998 and to grant that branch of plaintiff's cross motion seeking summary judgment dismissing defendant landlord's counterclaims to the extent that such counterclaims seek late charges, and otherwise affirmed, without costs.

Summary judgment dismissing the complaint was properly granted since plaintiff, in response to defendants' prima facie showing of entitlement to judgment as a matter of law, failed to present evidence sufficient to raise a triable factual issue with respect to its claims that defendants tortiously interfered with its contractual relations and prospective business relations (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). With respect to the former claim, plaintiff failed to make the requisite showing that there was a factual issue as to whether defendants intentionally and without justification procured a breach of the subject contract (*see, Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424), and with respect to the latter claim, plaintiff failed to make the requisite showing that there was a factual issue as to whether the activity alleged to consti-

1

tute interference with its prospective business relations was unlawful or that defendants' sole motive in engaging in such activity was to injure plaintiff (*see, Matter of Pamilla v Hospital for Special Surgery*, 223 AD2d 508).

The IAS Court, in adjudicating defendant landlord's counterclaims for rent, late charges and attorneys' fees, determined that it was the October 31, 1998 expiration date contained in defendant's cancellation notice and not the date of plaintiff's surrender of the demised premises that was controlling with respect to plaintiff's obligations under the subject lease, and that defendants did not release plaintiff from those obligations. However, we find an issue of fact concerning whether the parties intended that plaintiff would remain obligated for rent after it was no longer in possession. The lease states: "The Landlord shall have the right to cancel this Lease at any time upon giving the Tenant nine months prior written notice of such cancellation. At the expiration of such nine month period, the Tenant shall deliver possession of the demised premises and this lease shall be canceled and terminated as if such expiration date had been the date initially set forth in this Lease as the expiration date of this Lease." However, in defendant's January 15, 1998 letter that gave plaintiff the requisite nine months' notice of defendant's intent to cancel the lease, defendant directed plaintiff to vacate the premises "*on or before* October 31, 1998" and further stated that "[i]n the event that the tenant timely surrenders vacant possession of the subject premises *on or before* October 31, 1998 the landlord shall, in accordance with Article 68 issue to the tenant a fee of $15,000." This letter arguably gave plaintiff the choice of an early surrender and acceptance, a situation which the above-quoted lease provision does not explicitly address.

Plaintiff accordingly vacated the premises on June 10, 1998. Defendant responded with a July 2, 1998 letter "confirm[ing] that * * * pursuant to written lease agreement dated May 1, 1996, you have removed all persons and property from the premises and have surrendered same". Notably, defendant did not state that it reserved any right to seek rent for future months, nor did it assert such a claim until after plaintiff sued it (*see, Riverside Research Inst. v KMGA, Inc.*, 108 AD2d 365, 368, *affd* 68 NY2d 689). Since it is, at the very least, counterintuitive that a tenant who surrendered possession at the landlord's suggestion and with the landlord's consent would expect to remain liable for the rent, we cannot find as a matter of law that this was the parties' intent. It is for the trier of fact to determine whether defendant's ambiguous July 2, 1998 let-

ter operated as an acceptance of the early surrender, terminating the rent obligations under the lease before October 31, 1998 (*see, Riverside Research Inst. v KMGA, Inc., supra*, at 368 [surrender and acceptance ends duty to pay rent]).

In any event, under the same paragraph of the lease, plaintiff is entitled to a set-off of $15,000 because the landlord exercised its cancellation option. It is worth noting that even if defendant is entitled to back rent from June to October, the set-off exceeds the base amount due ($1,800 per month for five months), not counting any related charges or interest that may be owed.

Moreover, the late charge provision of the lease, which awarded a 365% per annum penalty, should not be enforced. The charge, while not technically interest, is unreasonable and confiscatory in nature and therefore unenforceable when examined in the light of the public policy expressed in Penal Law § 190.40, which makes an interest charge of more than 25% per annum a criminal offense (*see, e.g., 943 Lexington Ave. v Niarchos*, 83 Misc 2d 803).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Buckley, JJ.