■ LUCCA MASSIMO, LTD., Appellant, v JAY WOLOWITZ, Defendant and Third-Party Plaintiff-Respondent. GRAMERCY TOWERS OWNERS CORPORATION, Third-Party Defendant-Respondent.

[721 NYS2d 233] —Order, Supreme Court, New York County (Jane Solomon, J.), entered September 26, 2000, which, in an action for breach of a contract for the sale of shares in a residential cooperative corporation, *inter alia,* granted, in part, defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion to serve an amended complaint on the third-party defendant, unanimously affirmed, with costs.

The court properly dismissed plaintiff's breach of contract claim, except to the extent that plaintiff seeks return of its deposit and its title-search costs, if any, since the cooperative corporation's refusal to consent to transfer of the shares and proprietary lease appurtenant to the apartment is an insurmountable bar to defendant's performance under the contract of sale *(see, Sini v Hyngstrom,* 109 AD2d 671). The contract unambiguously provides that, if defendant seller is unable to transfer the lease and the shares, as contemplated by the contract, his sole obligation is to refund plaintiff's deposit and the actual costs of its title or abstract search.

Plaintiff's amended complaint was not properly served on the third-party defendant in compliance with CPLR 1009 and the court properly denied leave to serve the amended complaint pursuant to CPLR 3025 (b) because it plainly lacked merit *(see, Wieder v Skala,* 168 AD2d 355). Plaintiff failed to submit evidence of an intentional and unjustified procurement of any breach of the parties' contract of sale *(see, Foster v Churchill,* 87 NY2d 744) to rebut third-party defendant's prima facie showing that it had a legitimate business purpose for the information it sought. In addition, by the very terms of the "no-consent" provision of the Amended Offering Plan, all sales were subject to procedures imposed by third-party defendant's Board of Directors and its managing agent. Plaintiff's claim for unlawful interference with prospective economic advantage, unsupported even by an allegation that the cooperative's actions were motivated solely by malice, was patently deficient and, thus, the court properly denied leave as to it *(see, Sandra's Jewel Box v 401 Hotel,* 273 AD2d 1). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Buckley, JJ.