OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*523 The landlords brought a nonpayment proceeding for the months of September 1999 and October 1999 and a final judgment was entered on consent against Cablam Incorporated and Maria Zanetti as personal guarantor of Cablam Inc. in the sum of $3,758. After vacating the premises, the tenant moved for an order requiring the landlord to deem the judgment satisfied to the extent of $3,600, representing a $1,800 security deposit and $1,800 paid toward the October 1999 rent, which rent was included in the judgment. The court granted tenant’s motion.
In our opinion the order should be affirmed. It is the general rule that a mere unliquidated claim cannot be used to satisfy a judgment (see, Piranesi Imports v Furniture Textiles & Wall-coverings, 31 AD2d 742). However, the $1,800 representing the tenant’s security deposit being held by landlords can be used in satisfaction of the judgment since, in our view, it is a liquidated claim. Ordinarily, the right to recover a security deposit might be deemed unliquidated because the landlord might have a claim for damage to the property or for unpaid rent which has yet to be adjudicated. However, in the case at bar, the landlords do not allege that the property was damaged. The landlords’ sole claim to the security deposit, to wit, that there is still four months’ rent due on the lease subsequent to the entry of the final judgment, is without merit as a matter of law. The lease was terminated by virtue of the summary proceedings and there is no further liability thereunder since it did not contain a survival clause (2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings §§ 23:54, 23:60 [4th ed]).
Floyd, P. J., Colabella and Coppola, JJ., concur.