OPINION OF THE COURT
Memorandum.
Final judgment modified by striking the award to landlord of possession and the sum of $513.26, and by providing that the petition is dismissed; as so modified, affirmed without costs.
In the present nonpayment proceeding, landlord sought, along with possession and a money judgment for rent arrears, an award of late and legal fees. During the course of the trial, tenant tendered the $670 in rent that remained outstanding, and landlord’s counsel accepted it “without prejudice.” Landlord also waived the late fees that it claimed tenant owed, and the court dismissed without prejudice tenant’s affirmative defense and counterclaim for the recovery of late fees already paid. After trial, the court awarded landlord possession and $500 in legal fees plus interest and costs.
In our view, so much of the final judgment as awarded landlord possession and the sum of $513.26 must be vacated. The award of legal fees was based on a lease clause which purported to entitle landlord to $250 if landlord commenced a summary proceeding predicated, inter alia, on tenant’s nonpayment of rent and to a total of $500 if the proceeding was brought to judgment. However, notwithstanding any provision in the lease to the contrary, only a prevailing party is entitled to recover attorney’s fees (see Nestor v McDowell, 81 NY2d 410, 415-416 [1993]; Village of Hempstead v Taliercio, 8 AD3d 476 [2004]). In this nonpayment proceeding, landlord did not prevail with respect to the central relief sought because there was no possessory judgment which included arrears in rent. Landlord’s attorney’s statement that he was accepting the arrears “without prejudice,” even assuming that he meant that he was reserving his right to proceed to judgment solely for legal fees without the inclusion of a sum for rent arrears, cannot alter the requirement set forth in Nestor. Thus, landlord is not entitled to an award of attorney’s fees. In view of the foregoing, we do not *86 reach the other issues raised by tenant regarding the propriety of the attorney’s fees clause in the lease.
The court’s dismissal of tenant’s counterclaim for late fees arguably was not a proper exercise of discretion since if tenant’s rent payments were applied by landlord to improper late fees, this would constitute a defense entitling tenant to a setoff. However, because the matter is not remitted for a new trial, and the dismissal of the counterclaim for the recovery of late fees was without prejudice, the judgment, insofar as it implicitly dismissed the counterclaim, will not be disturbed.
Rudolph, EJ., Tanenbaum and Lippman, JJ., concur.