OPINION OF THE COURT
Memorandum.
Final judgment modified by reducing the monetary award in favor of landlord to the sum of $18,047; as so modified, affirmed without costs.
In this commercial nonpayment proceeding, tenant asserted, as affirmative defenses, that landlord breached the lease, that tenant was constructively evicted from the premises, and that, under the terms of the lease, tenant was relieved of its obligation to pay rent during the period that the premises were unusable. In addition, tenant interposed counterclaims seeking to recover, inter alia, lost profits and the cost of repairs and renovations. During the course of the trial, the court severed tenant’s counterclaims. Following the trial, the court awarded landlord possession, arrears in rent and $1,500 in attorney’s fees.
It is well settled that in a special proceeding, the trial court may at any time order a severance of counterclaims (see CPLR 407; City of New York v Candelario, 223 AD2d 617 [1996]; Matter of Sutherland v Glennon, 209 AD2d 898 [1994]), and its determination to sever such claims should not be disturbed on appeal absent a showing of abuse of discretion or prejudice to a party’s substantial rights (see Matter of Green Harbour Homeowners’ Assn. v Town of Lake George Planning Bd., 1 AD3d 744 [2003]). In the case at bar, although the lower court severed all of tenant’s counterclaims, it considered all of tenant’s affirmative defenses and awarded tenant a rent abatement for the entire period that the premises were unusable. Since, in the absence of a clear intention to the contrary, a commercial tenant’s obligation to pay rent is independent of the landlord’s obligation to make repairs (Thomson-Houston Elec. Co. of N.Y. v Durant Land Improvement Co., 144 NY 34, 44 [1894]; see 2 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 18:31 [4th ed]), it was not an abuse of discretion for the court to sever the counterclaims for lost profits and for the cost of repairs, which claims were not so intertwined with landlord’s *32 claim for rent as to require that they be disposed of in one proceeding (1314 Dev., LLC v Feras Trading Co., NYLJ, Jan. 18, 2001, at 28, col 5 [App Term, 1st Dept]; see City of New York v Candelario, 223 AD2d 617 [1996], supra).
Tenant also contends that it was the prevailing party and, thus, it, rather than landlord, should have been awarded attorney’s fees. However, since landlord obtained a final judgment of possession as well as arrears for 3x/2 months and tenant received a rent abatement for 2x/2 months, neither side was the prevailing party entitled to attorney’s fees (see J.J. & P. Corp. v Dune Deck Owners Corp., 10 Misc 3d 129[A], 2005 NY Slip Op 51919[U] [App Term, 1st Dept 2005]). As a result, we modify the final judgment by reducing the monetary award in favor of landlord by $1,500, the sum awarded to landlord by the lower court representing the attorney’s fees.
Rudolph, EJ., Angiolillo and Lippman, JJ., concur.