■ TRINITY BUI et al., Appellants, v INDUSTRIAL ENTERPRISES OF AMERICA, INC., et al., Respondents. [836 NYS2d 870]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered June 9, 2006, which, to the extent appealed from as limited by the brief, granted defendants' motion to the extent of dismissing the eleventh and fourteenth causes of action, unanimously affirmed, without costs.

The provision in the promissory note calling for payment of $2,000 a day should defendant fail to pay the judgment in a timely fashion is an unenforceable penalty. Should plaintiff be found to be entitled to damages, they would be easily ascertainable, and thus the true purpose of the provision was to "secure performance by threat of a large payment rather than to provide a reasonable assessment of probable damages" (*Quaker Oats Co. v Reilly*, 274 AD2d 565, 566 [2000]; *see also Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]; *Manhattan Syndicate v Ryan*, 14 AD2d 323, 327 [1961]). Concur—Saxe, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX GOMEZ, Appellant. [836 NYS2d 871]—Order, Supreme Court, New York County (Richard D. Carruthers, J.), entered on or about April 7, 2006, which specified and informed defendant that the court would resentence him to a term of seven years for his conviction of criminal possession of a controlled substance in the second degree, unanimously affirmed, and the matter remitted to Supreme Court, New York County, for further proceedings upon defendant's application for resentencing.

The applicable section of the Drug Law Reform Act (L 2005, ch 643, § 1) permits a defendant to appeal, on the ground of excessiveness, from a court's order specifying its intended resentence. We perceive no basis for reducing the proposed sentence. There is no merit to defendant's argument, including his constitutional claim, that his conviction should be reduced to third-degree possession based on the subsequent change in the weight requirement for second-degree possession (*see People v Utsey*, 7 NY3d 398 [2006]; *People v Quinones*, 22 AD3d 218 [2005], *lv denied* 6 NY3d 817 [2006]). Concur—Marlow, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.