█ Evangelos Gatzonis, Individually and Derivatively on Behalf of Top Cove Associates, Inc., Appellant, v Efstathios Valiotis, Respondent, et al., Defendant. [886 NYS2d 884]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 22, 2009, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.

The court properly denied plaintiff's motion as he failed to show a likelihood of success on his claim that the loan agreement with defendant was unenforceable. The agreement provided that, in the event of a default, the parties would value plaintiff's minority stake in their closely held company pursuant to a formula. Defendant would pay plaintiff the difference between this valuation and the amount owed on the loan, and defendant would then own the shares. Contrary to plaintiff's

contention, this was not a liquidated damages clause, but a means of valuing the consideration plaintiff offered for repayment (*cf. Bui v Industrial Enters. of Am., Inc.*, 41 AD3d 238 [2007]; *Quaker Oats Co. v Reilly*, 274 AD2d 565 [2000]).

Furthermore, the agreement was neither procedurally nor substantively unconscionable (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-11 [1988]). The record demonstrates that plaintiff, a sophisticated businessman, was not forced into the loan, as his desire for the funds was not some emergent need, but rather so that he could, inter alia, pursue investment opportunities (*see Gillman v Chase Manhattan Bank*, 73 NY2d at 11 [1988]). Moreover, although plaintiff showed he might suffer a 35% discount for his minority share in the closely held corporation, whose sole asset was a parcel of commercial real estate, such discount was not unreasonable under the circumstances (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 424-426 [1977]).

We have considered plaintiff's remaining contentions, including that the court should have held an evidentiary hearing, and find them unavailing. Concur—Sweeny, J.P., Buckley, Catterson, Acosta and Freedman, JJ.