OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the appeals are consolidated for purposes of disposition; and it is further, ordered that the appeal from the order dated February 18, 2010 is dismissed for failure to perfect; and it is further, ordered that the judgment is reversed, without costs, so much of the order dated June 22, 2010 as granted tenant’s motion for an award of attorney’s fees to the extent of finding that tenant was the prevailing party and setting the matter down for a hearing to assess tenant’s attorney’s fees is vacated, and tenant’s motion for an award of attorney’s fees is denied.
In this nonpayment summary proceeding, after a nonjury trial, the Civil Court found that tenant was entitled to an abatement of $3,095 because landlord had breached the warranty of habitability. The court entered a final judgment awarding landlord possession and the principal sum of $10,657.27, after reducing the amount demanded to reflect the abatement. Subsequently, by order dated February 18, 2010, the court granted tenant a stay of the warrant so that a check for the full amount of the final judgment could clear. While landlord filed a notice of appeal from that order, it has not perfected that appeal, and that appeal is therefore dismissed for failure to perfect.
Subsequently, tenant moved, and landlord cross-moved, for an award of attorney’s fees. By order dated June 22, 2010, the Civil Court granted tenant’s motion to the extent of finding that tenant was the prevailing party and setting the matter down for a hearing to assess tenant’s attorney’s fees, and denied landlord’s cross motion. After the hearing, the court entered a judgment awarding tenant attorney’s fees in the principal sum of $10,679.58. Landlord appeals, arguing that it, not tenant, was the prevailing party and it, not tenant, was therefore entitled to an award of attorney’s fees.
*10 Since landlord obtained a final judgment awarding it possession as well as the sum of $10,657.27, and tenant received a rent abatement totaling $3,095 based upon landlord’s multiple violations of the warranty of habitability, after insisting upon a much larger abatement, neither side was the prevailing party entitled to attorney’s fees (see V & J Inc. v 2320 Rte. 112, LLC, 13 Misc 3d 30 [App Term, 9th & 10th Jud Dists 2006]; J.J. & P. Corp. v Dune Deck Owners Corp., 10 Misc 3d 129[A], 2005 NY Slip Op 51919[U] [App Term, 1st Dept 2005]).
Accordingly, the judgment entered October 4, 2010 is reversed, so much of the order dated June 22, 2010 as granted tenant’s motion for an award of attorney’s fees to the extent of finding that tenant was the prevailing party and setting the matter down for a hearing to assess tenant’s attorney’s fees is vacated, and tenant’s motion for an award of attorney’s fees is denied.
Pesce, P.J., Golia and Aliotta, JJ., concur.