■ CLEAN AIR OPTIONS, LLC, et al., Respondents, v HUMAN-SCALE CORPORATION, Appellant. [38 NYS3d 152]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered April 12, 2016, which, to the extent appealed from as limited by the briefs, denied defendant's motion for sum-

mary judgment dismissing the breach of contract claim, unanimously modified, on the law, to grant so much of the motion as seeks to dismiss the claim for lost profits arising from defendant's alleged failure to provide plaintiffs with products for resale, interest at the contractual rate, and damages arising from defendant's sale of products to a third-party, and otherwise affirmed, without costs.

The parties' agreements, pursuant to which plaintiffs granted defendant a license to manufacture and sell products incorporating certain air purification technology for use in consumer products, contain no requirement that defendant supply plaintiffs with products for resale. Neither the 2006 agreement nor the 2009 amendment contains language obligating defendants to supply plaintiffs with any products. Nor did the 2007 agreement obligate defendant to sell products to plaintiffs. It provided defendant with the "right" to sell products to plaintiff Clean Air Options for resale, and supplied a formula for calculating the price for those products, but it further provided that in the event that defendant was unable to supply the requested products at a competitive price and in a timely manner, Clean Air could purchase the product from another manufacturer (rather than declare a breach and seek damages from defendant).

The late fee, which according to the parties' calculations results in an annual interest rate of 78%, is "unreasonable and confiscatory in nature," and thus unenforceable (see Sandra's Jewel Box v 401 Hotel, 273 AD2d 1, 3 [1st Dept 2000], citing Penal Law § 190.40). Indeed, in opposition to the motion, plaintiffs admitted that the interest at issue "was in the form of a penalty" (see Love v State of New York, 78 NY2d 540, 544 [1991]).

The motion court correctly found that defendant failed to establish that the 2009 amendment's sublicensing requirements were satisfied by the execution of three separate agreements with a manufacturer and that this possible breach could not have resulted in any damages. Neither plaintiffs nor defendant were parties to the first agreement with the manufacturer, and none of the sublicensing agreements tied their own termination to defendant's agreements with plaintiffs. While "pointing to perceived deficiencies in plaintiff[s'] proof," defendant failed to meet its burden of establishing the absence of damages (see DeMilia v DeMico Bros., 294 AD2d 264, 264 [1st Dept 2002]). Concur—Mazzarelli, J.P., Acosta, Saxe, Moskowitz and Gesmer, JJ.