Kings Park 8809, LLC, Appellant,
against
Felicia Stanton-Spain, Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered September 19, 2013. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover, among other things, unpaid rent for the four months that remained on the parties' residential lease after defendant had surrendered possession, and for property damage. At a nonjury trial, the evidence established that the parties had entered into a stipulation settling a prior nonpayment proceeding, which stipulation awarded landlord a final judgment for possession and several months of accrued unpaid rent. After defendant had defaulted in making the payments required pursuant to the terms of the stipulation, plaintiff demanded that defendant vacate, and defendant did so. Plaintiff seeks to recover the unpaid rent for the four months remaining on the lease based on a survival-of-liability provision in the lease. Following the trial, the Civil Court dismissed the small claims action, with prejudice, on the grounds that the stipulation, consent final judgment and surrender of possession had ended tenant's liability for rent, that the property damage claim should have been raised in the summary proceeding, and that, in any event, the damage claim was without merit.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). The deference normally accorded to the credibility determinations of a trial court applies with greater force in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
In the circumstances presented, including the parties' execution, in the nonpayment proceeding, of the stipulation of settlement, which made no mention of the fact that plaintiff would be seeking rents accruing following defendant's surrender, and plaintiff's surrender of possession pursuant to the stipulation and consent final judgment, we agree with the Civil Court that plaintiff was estopped from recovering the rents for the remainder of the term (Sandra's [*2]Jewel Box Inc. v 401 Hotel, L.P., 273 AD2d 1 [2000]; Guy v Washington, 44 Misc 3d 137[A], 2014 NY Slip Op 51247[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014] ["where a landlord, before the end of the term, requests a tenant to vacate and the tenant complies, the landlord is estopped from enforcing the lease"]; see also D & B Enters. No. 2 v Cablam Inc., 188 Misc 2d 522, 523 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]; 2 Robert F. Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 23:60 [4th ed 1998]).
With respect to the property damage claim, while the Civil Court erroneously held that the claim should have been raised in the summary proceeding (see RPAPL 741 [5]), the court clearly also rejected the claim on the merits ("[l]ooking at the photos . . . I don't see anything . . . beyond normal wear and tear of an apartment"). Upon a review of the record, we find that the court's determination rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ, concur.
Decision Date: November 01, 2016