■ CLEO REALTY ASSOCIATES, L.P., Appellant, v MIKE PAPAGI-ANNAKIS, Respondent. [56 NYS3d 294]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 22, 2016, which denied plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.

Defendant's guaranty of a lease is not an instrument for the

payment of money only, because it was necessary to consult other documents to determine whether the guaranty continued to be enforceable (see *PDL Biopharma, Inc. v Wohlstadter*, 147 AD3d 494 [1st Dept 2017]). The guaranty did not apply to obligations incurred after the tenant surrendered possession pursuant to the procedures set forth in paragraph 6 of the guaranty. While Manoli Papagiannakis's July 31, 2015 email did not constitute the prior written notice of surrender required by paragraph 6 of the guaranty, it was nevertheless another document to which reference was required along with the guaranty and proof of nonpayment.

Defendant appears to argue that a surrender by operation of law occurred in February 2016. However, paragraph 6 of the guaranty says, "Upon surrender of possession *as aforesaid* [i.e., pursuant to the procedures set forth in paragraph 6], this Guaranty shall be deemed revoked" (emphasis added). The tenant did not give plaintiff 30 days' written notice that it was going to surrender possession on February 17, 2016; on the contrary, its lawyer wrote on February 7, 2016 that it intended to vacate and surrender at the end of the lease, i.e., June 30, 2016.

Even if, arguendo, defendant's guaranty were an instrument for the payment of money only, plaintiff failed to establish as a matter of law that it was entitled to the amount it seeks. Most of this amount consists of late fees, which the rent history that plaintiff submitted with its opening papers shows were 4% per month, i.e., 48% per year. In view of the public policy underlying Penal Law § 190.40, which makes an interest charge of more than 25% per year a criminal offense, these late fees are unenforceable (see *Sandra's Jewel Box v 401 Hotel*, 273 AD2d 1, 3 [1st Dept 2000]; see also *Clean Air Options, LLC v Humanscale Corp.*, 142 AD3d 923 [1st Dept 2016]).

Even if the late fees were enforceable, there is a triable issue of fact as to whether plaintiff ever billed the tenant for those fees (see *Rehbock v Levine*, 111 AD2d 16 [2d Dept 1985]). In opposition to plaintiff's motion, both defendant and Manoli Papagiannakis submitted affidavits saying that plaintiff had never billed the tenant for late fees. In reply, plaintiff submitted bills that an accounting manager claimed had been mailed on various dates between March 2010 and February 2016. However, each bill said, "Includes Payments Received As Of: *06/21/16*" (emphasis added). Concur—Sweeny, J.P., Mazzarelli, Moskowitz, Manzanet-Daniels and Kapnick, JJ.