Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc. (2019 NY Slip Op 00551)





Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.


2019 NY Slip Op 00551


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8217 655914/16

[*1]The Trustees of Columbia University in the City of New York, Plaintiff-Appellant,
v
D'Agostino Supermarkets, Inc., Defendant-Respondent.


Rivkin Radler LLP, Uniondale (Evan H. Krinick of counsel), for appellant.
D'Agostino, Levine, Landesman & Lederman, LLP, New York (Bruce H. Lederman of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered February 7, 2018, which denied plaintiff The Trustees of Columbia University in the City of New York (Columbia)'s motion for summary judgment on the complaint, and granted defendant D'Agostino Supermarkets, Inc. (D'Agostino)'s cross motion for summary judgment striking Columbia's claim for liquidated damages and for entry of judgment against D'Agostino in the amount of $175,751.73, with interest accrued from October 14, 2016 to the date of judgment, unanimously affirmed, without costs.
On or about December 22, 2002, Columbia and D'Agostino entered into a written lease, modified within and by a separate rider, and amended by a Commencement Date Agreement dated 2004, in which D'Agostino agreed to rent space from Columbia to be used as a supermarket. The lease expiration date was August 23, 2018.
Beginning in 2016, D'Agostino stopped paying rent under the lease, and the total arrears was $261,751.70. On May 27, 2016, with a little over two years remaining on the lease, the parties entered into a Surrender Agreement, in which D'Agostino agreed to make 2 surrender payments of $43,000.00 each, and 11 monthly payments of $15,977.43, beginning on July 1, 2016. The Surrender Agreement also provided that if D'Agostino failed to make any of the payments within five days of receiving a notice of default, then the aggregate of all fixed rent, additional rent or all other sums would become due and payable. D'Agostino paid the two surrender payments but failed to make the monthly payments. Columbia sent a notice of default to D'Agostino on October 14, 2016. D'Agostino did not cure the default. On November 10, 2016, Columbia commenced this action seeking the aggregate sum of all fixed rent in the amount of $1,029,969.54, plus interest, as well as $295,000.00 in additional rent and charges.
We find that the damages at the time of the Surrender Agreement were ascertainable. Columbia's attempt to enforce the liquidated damages provision sought to "secure performance by threat of a large payment rather than to provide a reasonable
assessment of probable damages" (Bui v Industrial Enters. of Am., Inc., 41 AD3d 238, 238 [1st Dept 2007] [internal quotation marks omitted]).
We also find that the liquidated damages provision is unenforceable as "unreasonable and confiscatory," since it would result in an award 7½ times the amount that Columbia would have received if the Surrender Agreement had been fully performed (see Clean Air Options, LLC v Humanscale Corp., 142 AD3d 923, 924 [1st Dept 2016]; Sandra's Jewel Box v 401 Hotel, 273 AD2d 1, 3 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK