Hillside Park 168, LLC, Appellant,
against
Maureen Benjamin, Respondent. 




Curtis Harger, Esq., for appellant.
Legal Services For the Elderly (Adina Halpern of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.) entered July 13, 2017. The judgment, after a nonjury trial, dismissed plaintiff's claim and awarded defendant the principal sum of $5,000 on its counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $2,100 in legal and late fees, and defendant interposed a counterclaim to recover $5,000 in legal fees. At a nonjury trial, it was established that the parties had been in a landlord-tenant relationship and that defendant had been evicted and is currently homeless. The late fees provision of the parties' lease provided that defendant was to pay 5% of her rent as additional rent if the rent was paid after the fifth of the month. The legal fees provision stated, among other things, that reasonable legal fees would be awarded to the successful party. Plaintiff had previously commenced four nonpayment proceedings against defendant, at least one of which had been discontinued by stipulation, and defendant had been evicted pursuant to a judgment obtained in another of the proceedings. After a nonjury trial in this action, the Civil Court dismissed plaintiff's claim and awarded defendant a $5,000 judgment on her counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the [*2]Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Due to the criminal prohibition on interest charges of more than 25% per year (see Penal Law § 190.40), a late fee of 4% charged monthly, which amounts to 48% per year, while technically not interest, has been held to be unenforceable as against public policy (see Cleo Realty Assoc., L.P. v Papagiannakis, 151 AD3d 418 [2017]; see also Sandra's Jewel Box v 401 Hotel, 273 AD2d 1 [2000]). As plaintiff here seeks to enforce a fee charging "5% of the legal monthly rent, each month," which, as a recurring charge, amounts to 60% per year, its claim for late fees was properly dismissed.[FN1]


With respect to plaintiff's claim for legal fees, the legal fees provision in the parties' lease is predicated upon the party's seeking such fees being the successful party. Although the parties agreed that defendant had been evicted, implying that plaintiff had been successful in at least one of the several nonpayment proceedings alluded to during the trial, plaintiff also annexed a stipulation of discontinuance of a proceeding, showing that plaintiff had not been the successful party in at least one of the proceedings (see 4702 Chiel Kurtz Realty, LLC v Molano, 36 Misc 3d 8 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Babylon Vil. Equities v Mitchell, 11 Misc 3d 84, 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). As plaintiff failed to parse out which fees pertained to which proceeding, plaintiff's claim for attorney's fees was properly dismissed. Moreover, it appears that as to many, if not all, of the attorney's fees, plaintiff improperly split its causes of action (see 930 Fifth Corp. v King, 42 NY2d 886 [1977]).[FN2]


Plaintiff argues in its reply brief, for the first time, that the Civil Court improperly awarded defendant $5,000 on its attorney's fees claim. Plaintiff failed to make this argument in the Civil Court, or in its main appellant's brief. Consequently, this argument is not properly before this court, as defendant did not have an opportunity to respond (see Matter of Erdey v City of New York, 129 AD3d 546 [2015]; U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681 [2015]).

In view of the foregoing, the remainder of plaintiff's arguments on appeal are moot.

Accordingly, the judgment is affirmed.

PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 20, 2019



Footnotes

Footnote 1: We note that, as part of the recently enacted Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36, part M), a new section of the Real Property Law was added which, among other things, limits late fees paid to landlord to "fifty dollars or five percent of the monthly rent, whichever is less" (Real Property Law § 238-a [2] [emphasis added]), but such section does not apply here as this action was commenced before the effective date of the statute, June 14, 2019 (see L 2019, ch 39, part M, § 29).

Footnote 2: It is noted that the HSTPA added RPAPL 702, which provides that "no fees, charges, or penalties" may be sought in a residential summary proceeding, but this provision also is not applicable to this action.