JW 70th St. LLC v Simon (2020 NY Slip Op 00042)





JW 70th St. LLC v Simon


2020 NY Slip Op 00042


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10684N 154514/16

[*1] JW 70th Street LLC, Plaintiff-Respondent,
v
Jean P. Simon, M.D., Defendant-Appellant.


Jean P. Simon, appellant pro se.
Law Offices of Fred L. Seeman, New York (Peter Kirwin of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Manuel J. Mendez, J.), entered October 4, 2018, which denied defendant's motion for reargument and renewal, deemed appeal from judgment, same court and Justice, entered March 22, 2018, awarding plaintiff a sum of money representing unpaid rent and additional rent, interest and costs, and, so considered, the judgment unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the matter remanded for a determination whether the late fees, of which additional rent is primarily comprised, amounted to impermissible usurious interest rates, and if so, a determination of the amount, if any, of late fees due, and, if any late fees are found due, entry of a judgment reflecting that amount.
In the exercise of our discretion to hear the merits of this appeal notwithstanding the entry of judgment and the failure of defendant pro se to perfect his appeal from the judgment (see Faricelli v TSS Seedman's, 94 NY2d 772 [1999]), we deem the appeal from the order an appeal from the judgment. The appeal from the judgment brings up for review the order that denied defendant's motion to reargue and renew, which the court in effect granted by addressing its merits (see Lipsky v Manhattan Plaza, Inc., 103 AD3d 418, 419 [1st Dept 2013]), and the order that decided the motion that defendant moved to reargue and renew, i.e., plaintiff's motion for summary judgment (CPLR 5501[a][1]).
The motion court correctly determined that the record demonstrated as a matter of law that defendant tenant defaulted on its obligation to pay base rent and additional rent under the parties' lease agreement. On reargument and renewal, defendant submitted his own ledger, which, however, did not constitute "new facts" (CPLR 2221[e][2]), as the ledgers showed the same payments as those recorded in plaintiff's ledger showing the amounts due and unpaid.
Nevertheless, on reargument and renewal, the court should have considered defendant's argument that the late fees, which along with returned check fees, constitute additional rent under the lease, amount to unenforceable usurious interest rates (see Sandra's Jewel Box v 401 Hotel, 273 AD2d 1, 3 [1st Dept 2000] ["the late charge provision of the lease . . . while not technically interest, is unreasonable and confiscatory in nature and therefore unenforceable"]; Cleo Realty Assoc., L.P. v Papagiannakis, 151 AD3d 418, 419 [1st Dept 2017]). Although defendant raised this argument for the first time in reply, we consider it because the issue is determinative and is purely legal (see Bank of N.Y. Mellon v Arthur, 125 AD3d 492 [1st Dept 2015]).
Plaintiff defined additional rent as "primarily late fees," and it appears that the late fee lease provision permitting a 5% charge on amounts due actually resulted in what would amount to a 60% interest rate or higher, depending on plaintiff's accounting practices. Moreover, even with plaintiff's voluntary reduction of the late fee to 2%, additional rent comprises nearly half the sum demanded for the relevant 27-month period. Accordingly, we remand the matter to the motion court for a determination whether the late fees were "unreasonable and grossly disproportionate to the amount of actual unpaid rent" (see 176 PM, LLC v Heights
Stor. Garage, Inc., 157 AD3d 490, 493, 494-495 [1st Dept 2018]), and, if so, a determination of [*2]the amount, if any, of late fees due.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK