40-50 Brighton First Rd. Apts. Corp. v Shneyerson (2020 NY Slip Op
50991(U))

[*1]

40-50 Brighton First Rd. Apts. Corp. v Shneyerson

2020 NY Slip Op 50991(U) [68 Misc 3d 131(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-1616 K C

40-50 Brighton First Road Apartments
Corp., Appellant,
against
Yelizaveta Shneyerson, Michael Shneyerson, Leo Dikstein, and Tanya
Dikstein, Respondents. 

Adam Leitman Bailey, P.C. (Massimo F. D'Angelo of counsel), for appellant.
Ballon Stoll Bader & Nadler, P.C. (Marshall B. Bellovin of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (John S.
Lansden, J.), entered April 5, 2018. The order, insofar as appealed from, denied the branch of
landlord's motion seeking, in effect, to modify a final judgment of that court entered October 18,
2016, upon an order of that court dated August 16, 2016 granting landlord's motion for an award
of attorney's fees, to include an award of prejudgment interest, in a nonpayment summary
proceeding.

ORDERED that the order dated April 5, 2018, insofar as appealed from, is affirmed, without
costs.
In October 2010, landlord, a residential cooperative corporation, imposed a special
assessment on its proprietary lessees/shareholders. A number of the tenants, including those
named in the instant proceeding, resisted the assessment, and landlord commenced a number of
nonpayment proceedings, including the present nonpayment proceeding, seeking possession and
arrears based upon the special assessment, which was deemed additional rent by the lease
between the parties. After landlord was, in effect, granted summary judgment on the issue of
liability, this proceeding continued to trial to determine the amount of arrears owed by tenants.
During the course of the trial, the amount of the outstanding assessment, which had been placed
on deposit with the court, was released to landlord, and the parties agreed that there was no need
to proceed with the trial. By order dated April 1, 2014, the Civil Court dismissed the nonpayment
proceeding based upon the parties' acknowledgments that the petition had been satisfied, but
purported to reserve the parties' rights to seek attorney's fees. Notwithstanding that the
proceeding had been dismissed and marked as such in the court records, landlord moved for an
award of attorney's fees and, by order dated August 16, 2016, the Civil Court awarded landlord
possession and $13,957.50 in legal fees against tenants as additional rent. A final judgment was
entered on October 18, 2016 pursuant to the order. Thereafter, landlord moved, in effect, to,
among other things, modify the final judgment to include an award of prejudgment interest
pursuant to CPLR 5001. By order dated April 5, 2018, the Civil Court, in relevant part, [*2]denied that branch of landlord's motion. We affirm.
This nonpayment proceeding having been dismissed by order dated April 1, 2014, it was
error for the court to entertain landlord's subsequent motion for an award of attorney's fees (see e.g. Esposito v Larig, 52 Misc 3d
67, 70 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; 615 Nostrand Ave. Corp. v Roach, 15
Misc 3d 1, 3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2006]). In any event, only
a prevailing party is entitled to recover attorney's fees (see Nestor v McDowell, 81 NY2d
410, 415-416 [1993]), and landlord did not prevail in the proceeding with respect to the central
relief sought, because there was no possessory judgment which included arrears, and, thus,
landlord was not entitled to an award of attorney's fees in the first instance, much less
prejudgment interest on those fees (see
Oakdale Manor Owners, Inc. v Raimondi, 49 Misc 3d 151[A], 2015 NY Slip Op
51754[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Fairview Hous., LLC v
Dickens, 39 Misc 3d 146[A], 2013 NY Slip Op 50848[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2013]; Babylon Vil.
Equities v Mitchell, 11 Misc 3d 84, 85 [App Term, 2d Dept, 9th & 10th Jud Dists
2006]).
While there is no basis for the award of attorney's fees to landlord, in light of the fact that
tenants did not appeal from the October 18, 2016 final judgment awarding landlord legal fees,
that award cannot be disturbed.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020