ESRT 501 Seventh Ave., LLC v Regine, Ltd. (2022 NY Slip Op 03795)

ESRT 501 Seventh Ave., LLC v Regine, Ltd.

2022 NY Slip Op 03795

Decided on June 09, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 09, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 655960/20 Appeal No. 16109-16109A Case No. 2021-04815, 2022-00031 

[*1]ESRT 501 Seventh Avenue, LLC, Plaintiff-Respondent,
v
Regine, Ltd., Defendant-Appellant. 

SDK Heiberger LLP, New York (Jacqueline Handel-Harbour of counsel), for appellant.
Sternbach, Lawlor & Rella LLP, New York (Anthony J. Rella of counsel), for respondent.

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 17, 2021, in favor of plaintiff and against defendant in the amount of $858,809.94, pursuant to an order, same court and Justice, entered December 1, 2021, which granted summary judgment to plaintiff and dismissed defendant's affirmative defenses and counterclaim, unanimously modified, on the law, the judgment vacated, plaintiff's motion for summary judgment denied to the extent that it seeks late charges, and the matter remanded for a determination whether the late fees were reasonable, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff established prima facie its entitlement to summary judgment on the cause of action for unpaid rent, the only cause of action stated in the complaint, by submitting the lease and the lease modification and asserting that defendant had breached the parties' contract by failing to pay rent, electric bills, and real estate taxes. In opposition, defendant did not dispute plaintiff's assertions that it failed to pay the amounts due under the lease, and therefore failed to raise a triable issue of fact. Defendant's contention that it was overcharged for electricity does not serve to defeat plaintiff's summary judgment motion, as the terms of the lease required defendant to pay any disputed bills and contest them afterward.
The late fee provision of the lease, which enabled plaintiff to assess a monthly 5% charge on all outstanding arrears, is unenforceable as against public policy because it amounted to a per annum rate in excess of 25% (see Penal Law § 190.40; Cleo Realty Assoc., L.P. v Papagiannakis, 151 AD3d 418, 419 [1st Dept 2017]). Although defendant failed to argue before Supreme Court that the late fees, even after plaintiff's voluntary reduction, were usurious, we consider the issue as it is determinative and presents a purely legal argument (see Bank of N.Y. Mellon v Arthur, 125 AD3d 492, 492 [1st Dept 2015]). Accordingly, we remand the matter for a determination whether the late fees, even after plaintiff's voluntary reduction, were unreasonable and grossly disproportionate to the amount of actual unpaid rent, and, if so, a determination of the amount, if any, of late fees due (see JW 70th St. LLC v Simon, 179 AD3d 408, 410 [1st Dept 2020]).
However, the holdover rent provision was enforceable as liquidated damages (see Tenber Assoc. v Bloomberg L.P., 51 AD3d 573, 574 [1st Dept 2008]), which were appropriately evaluated as of the time the lease was signed (see Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 424 [1977]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2022