Liguori v Brookside Garden Assoc., LLC (2025 NY Slip Op 50482(U))

[*1]

Liguori v Brookside Garden Assoc., LLC

2025 NY Slip Op 50482(U)

Decided on March 20, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JOSEPH R. CONWAY, JJ

2024-184 OR C

Matthew Liguori, Respondent,
against
Brookside Garden Associates, LLC, Appellant. 

Appellate Term Docket No. 2024-253 OR C
Lower Court # 23070081
Catalano & O'Fallon, LLP (Sean O'Fallon of counsel), for appellant.
Matthew Liguori, respondent pro se (no brief filed).

Appeals from a judgment of the Justice Court of the Village of Harriman, Orange County (Bruce A. Schonberg, J.), entered November 9, 2023, and a final judgment of that court entered November 9, 2023. The judgment, insofar as appealed from as limited by the brief, after a joint nonjury trial, dismissed landlord's counterclaim in a small claims action seeking attorney's fees for several different actions and proceedings. The final judgment, after the same trial, dismissed the petition in a nonpayment summary proceeding.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition, and it is further,
ORDERED that the appeal from the final judgment is dismissed as abandoned, and it is further,
ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Landlord commenced a nonpayment proceeding in August 2023 to recover possession and rental arrears for June and July 2023 in the sum of $3,100. Thereafter, tenant commenced two small claims actions against landlord to recover damages for violations of the warranty of habitability for flooding that occurred at the premises in May and in July 2023, respectively. In the first small claims action, tenant sought to recover the principal sum of $2,735.32, representing a rent abatement for May 2023 and food expenses for that month (see Liguori v Brookside Garden Assoc., LLC, — Misc 3d &mdash, 2025 NY Slip Op _____ [appeal No. 2024-99 OR C], decided herewith). In the small claims action now before this court, tenant sought to [*2]recover the principal sum of $3,000, representing rental expenses and additional living expenses for July 2023, and landlord filed a counterclaim to recover $3,000 for "[u]npaid fees, other than rent, owed pursuant to [the] lease agreement between the parties," "includ[ing], but . . . not limited to, late fees and legal fees."
At a nonjury trial on November 9, 2023, the Justice Court (Bruce A. Schonberg, J.) heard testimony and issued a decision with respect to the first small claims action, awarding tenant a judgment in the principal sum of $2,040, which sum included a rent abatement (see Liguori v Brookside Garden Assoc., LLC, — Misc 3d &mdash, 2025 NY Slip Op _____ [appeal No. 2024-99 OR C], decided herewith). Following a joint nonjury trial, also held on November 9, 2023, of the nonpayment proceeding and the second small claims action, the Justice Court (Bruce A. Schonberg, J.) entered a final judgment dismissing the petition in the nonpayment proceeding and a judgment awarding tenant the principal sum of $1,040 in the second small claims action and, in effect, dismissing the counterclaim for attorney's fees. Landlord appeals from the final judgment and, as limited by the brief, from so much of the small claims judgment as dismissed its counterclaim.
Landlord's sole contention on appeal is that the Justice Court erred in not allowing it to present arguments and evidence regarding the amount of attorney's fees it is entitled to recover on its counterclaim. As landlord has raised no issue regarding the dismissal of the nonpayment petition, the appeal from the final judgment is dismissed as abandoned (see Finger v Saal, 56 AD3d 606 [2008]; Andre v City of New York, 47 AD3d 605 [2008]).
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
While the Justice Court should have allowed landlord to present arguments and evidence with respect to the amount it would be entitled to recover upon a successful counterclaim for attorney's fees, a new trial is not necessary because here landlord is not entitled to recover any attorney's fees. It is well settled that attorney's fees may only be awarded to a prevailing party "notwithstanding any provision in the lease to the contrary" (Babylon Vil. Equities v Mitchell, 11 Misc 3d 84, 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; see generally Nestor v McDowell, 81 NY2d 410, 415-416 [1993]; Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22 [1979]). As tenant was successful in both small claims actions (see Liguori v Brookside Garden Assoc., LLC, — Misc 3d &mdash, 2024 NY Slip Op _____ [appeal No. 2024-99 OR C], decided herewith), and landlord did not obtain a judgment of possession in this nonpayment proceeding, or in a prior one for which landlord also seeks attorney's fees, landlord was not the prevailing party in any action or proceeding (see e.g. Sherwood Suffolk Co. v Panorama Catering, Ltd., 67 Misc 3d 143[A], 2020 NY Slip Op 50745[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; Fairview Hous., LLC v Dickens, 39 Misc 3d 146[A], 2013 NY Slip Op 50848[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; Babylon Vil. Equities v Mitchell, 11 Misc 3d at 85). As landlord was not entitled to attorney's fees, the small claims judgment, insofar as appealed from, rendered substantial justice between the parties in accordance with the rules and principles of substantive [*3]law (see UJCA 1804, 1807). 
Accordingly, the judgment, insofar as appealed from, is affirmed.
GARGUILO, P.J., DRISCOLL and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 20, 2025